IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CYNTHIA JACKSON**                                                                                  **PLAINTIFF**

v.                         Case No. 4:24-CV-00409

**BAPTIST HEALTH**                                                                                   **DEFENDANT**

## AGREED PROTECTIVE ORDER

The parties to this action, Cynthia Jackson ("Plaintiff") and Baptist Health ("Baptist"), by and through their respective counsel, enter into this Agreed Protective Order pursuant to Rule 26 of the Federal Rules of Civil Procedure in connection with discovery in this action.

1. **Governing Law.** The Agreed Protective Order shall be entered pursuant to the Federal Rules of Civil Procedure.

2. **Scope.** All documents and materials produced during discovery of this case, including any third-party discovery, including but not limited to initial disclosures, responses to discovery requests, all deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), are subject to this Order concerning Confidential Information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order will be strictly construed in favor of public disclosure and open proceedings wherever possible.

3. **Definition of Confidential Information.** As used in this Order, "Confidential Information" is defined as information that the producing party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use is restricted by law or there is a reasonable potential that disclosure will cause annoyance, embarrassment, oppression, or undue burden or

expense to the producing party. For purposes of this Order, the parties will limit their designation of "Confidential Information" to the following categories of information or documents:

    a.    Personnel records, including investigations and disciplinary actions, of current or former employees of Baptist Health;

    b.    Personal health information protected by the Health Insurance Portability and Accountability Act (HIPAA), including, but not limited to, any medical records or mental health records;

    c.    Personal identifying information protected by state or federal law, e.g., social security numbers, dates of birth, etc.;

    d.    Personal contact information of the parties;

    e.    Financial records, including but not limited to tax records and financial account information, of the parties;

    f.    Confidential or proprietary business records including policies and internal communications of Baptist;

    g.    Trade secrets or other confidential research, development, or commercial information as such terms are used in Fed. R. Civ. P. 26(c)(1)(G) and any applicable case law interpreting Fed. R. Civ. P. 26(c)(1)(G);

    h.    Any and all documents referring or related to confidential and proprietary human resources information of Baptist; and

    i.    Any portions of depositions (audio or video) where Confidential Information is disclosed or used as exhibits.

    **4.**    **Form and Timing of Designation.** The producing party may designate documents as containing Confidential Information and therefore subject to protection under this Order by

marking or placing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" (hereinafter "the marking") on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking will be applied prior to or at the time the documents are produced or disclosed. Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked. By marking a designated document as confidential the designating attorney and party thereby certify that the document contains Confidential Information as defined in this Order.

**5.    Inadvertent Failure to Designate.** Inadvertent failure to designate any document or material as containing Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within ten days after discovery of the inadvertent failure. Any document or material which can reasonably be believed to be confidential and inadvertently disclosed as discovered by the receiving party shall be promptly disclosed to the producing party to provide an opportunity for the producing party to remedy the inadvertent disclosure.

**6.    Depositions**. Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within thirty days after receipt of the deposition transcript. Such designation must be specific as to the portions of the transcript and any exhibits to be

protected. During such thirty-day window, the entire deposition transcript shall receive confidential treatment.

**7.     Protection of Confidential Material.**

**(a)     General Protections.** Designated Confidential Information may be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals.

**(b)     Who May View Designated Confidential Information.** Except with the prior written consent of the designating party or prior order of the Court, designated Confidential Information may only be disclosed to the following persons:

(1) The parties to this litigation, including any employees, agents, and representatives of the parties;

(2) Counsel and in-house counsel for the parties and employees and agents of counsel, including but not limited to secretarial, clerical, and paralegal staff;

(3) The Court and its personnel, including any special master appointed by the Court;

(4) Court reporters, recorders, and videographers engaged for depositions;

(5) Any mediator appointed by the Court or jointly selected by the parties;

(6) Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, but only after such persons have made a written certification acknowledging receipt and review of this Order and agreeing to be bound by its terms;

(7) Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation; and

        (8)      Other persons only upon consent of the producing party and on such conditions as the parties may agree, or pursuant to a court order.

    **(c)**    **Control of Documents**. The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information pursuant to the terms of this Order.

    **(d)**    **Notice.**  All counsel shall be responsible for providing notice of the Protective Order and the terms therein to persons to whom they disclose Confidential Information.

    **(e)**    **Privilege and Work Product.**  The production of privileged or work-product protected documents, electronically stored information ("ESI") or other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d) and shall be enforceable and granted full faith and credit in all other state and federal proceedings by 28 U.S.C. § 1738.  In the event of any subsequent conflict of law, the law that is most protective of privilege and work product shall apply.  Nothing contained herein is intended or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, or segregation of privilege or protected information before production.

        **(1)**    If the receiving party has reason to believe that a produced document or other information may reasonably be subject to a claim of privilege, then the receiving party shall immediately sequester the document or information, cease using the document or information and cease using any work product containing the information, and shall inform the producing party of the beginning BATES number of the document or, if no BATES

        number is available, shall otherwise inform the producing party of the information sufficient to identify the document.

    **(2)**    A producing party must give written notice to any receiving party asserting a claim of privilege, work-product protection, or other ground for reclaiming documents or information (a "Clawback Request"). After a Clawback Request is received, the receiving party shall immediately sequester the document (if not already sequestered) and shall not review or use that document, or any work product containing information taken from that document, for any purpose. The parties shall meet and confer regarding any Clawback Request.

    **8.**    **Filing of Confidential Information**. The parties must comply with Fed. R. Civ. P. 5.2's mandate for redaction, if practicable, before filing under seal. If an entire page contains Confidential Information, substituting a page marked "Redacted" is an acceptable redaction method. If redaction is impracticable, a party must move for permission to file any Confidential Information and any related motion, brief, or paper containing that information under seal. The moving party must justify sealing document-by-document with specifics and solid reasons, including an explanation about why redaction cannot be done.

    **9.**    **Challenges to a Confidential Designation.** If any party objects to another's designation of Discovery Materials as confidential, the objecting party shall give counsel for the party making the designation written notice of such objection, stating the reason(s) for the objection. The designating party shall respond in writing within ten days of its receipt. If the parties cannot resolve their dispute, the matter may be brought before the Court using the procedures described in the Court's Final Scheduling Order in this case.

10. **Use of Confidential Documents or Information at Hearings.** Nothing in this Order will be construed to affect the use of any document, material, or information at any hearing or at trial. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or at trial must bring that issue to the attention of the Court and the other parties without publicly disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

11. **Obligations on Conclusion of Litigation.**

(a) **Order Remains in Effect.** This Order shall remain in effect for one year after this case ends, including any appeal. Thereafter, the obligations imposed shall continue, but shall be solely a matter of contract between the parties.

(b) **Return of Confidential Documents.** Upon request by the producing party, within thirty days of the conclusion of this action, Confidential Materials produced by the producing party, as well as all copies, excerpts, or summaries thereof, shall be returned to the producing party, except to the extent that a copy must be retained by counsel to comply with the law, another court order, or mandatory professional obligations, in which case the Confidential Materials will remain subject to this Order. In the event counsel possesses attorney work product containing or referring to Confidential Materials, such attorney work product shall remain subject to the restrictions set forth in this Order or in the alternative may be destroyed.

12. **Order Subject to Modification**. This Order is subject to modification by the Court on its own motion or on motion of any party or any other person with standing concerning the subject matter.

**13.    No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the parties is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the Court may rule on a specific document or issue.

**14.    Persons Bound by Protective Order.** This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

**15.    No Admissions.** Nothing in this Order shall be construed as an admission as to the relevance, authenticity, foundation, or admissibility of any document, material, transcript, or other information.

**16.    Modification.** Nothing in this Agreed Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, a modification of this Order.

IT IS SO ORDERED this 2 day of June 2025.

*DPMarshall Jr.*
Hon. D.P. Marshall Jr.
United States District Court Judge